IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
2011 SEP 13 AM 8:43
CLERK _____
SO. DIST. OF GA.

DWIGHT LADON ALLEN,

    Plaintiff,

vs.                              CIVIL ACTION NO.: CV211-133

Judge AMANDA F. WILLIAMS;
DIANNE DODDS; ROBERT GUY;
MICHAEL PERRY; and MICHELLE
HAMILTON,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Allen v. Gregory, et al., CV209-146 (S.D. Ga. Feb. 8, 2010) (dismissed for failure to state a claim upon which relief may be granted); (2) Allen v. Gregory, et al., CV209-156 (S.D. Ga. Mar. 11, 2010) (dismissed for failure to state a claim upon which relief may be granted); and (3) Allen v. Hamilton, et al., CV209-35 (S.D. Ga. July 21, 2009) (dismissed for failure to state a claim upon which relief may be granted).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the

past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

Plaintiff asserts that, in April 2008, he was denied his right to file a habeas corpus petition to challenge his transfer to Oklahoma and his right to a speedy trial. Plaintiff also asserts that he was illegally arrested and detained in October 2008. Finally, Plaintiff contends that he filed a motion for funds to hire an investigator in August 2009, but there were no funds available for this investigator, even though his motion had been granted.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on August 8, 2011, or at any other time. Accordingly, the Court **VACATES** its August 19, 2011, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 13th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE